13 F.3d 421
 304 U.S.App.D.C. 298
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.Denver S. COOPER, Petitioner,v.UNITED STATES RAILROAD RETIREMENT BOARD, Respondent.
 No. 93-1442.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 6, 1993.
 
 Before: EDWARDS and SILBERMAN, Circuit Judges, and OAKES,* Circuit Judge, United States Court of Appeals for the Second Circuit.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on petition for review of a decision of the Railroad Retirement Board, and was briefed and argued by counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C.Cir.Rule 14(c).
 
 
 2
 Accordingly, it is hereby ORDERED and ADJUDGED, by the Court, for the reasons stated in the accompanying Memorandum opinion, that the petition for review is granted, and the Board shall cease withholding any amount from petitioner's annuity, and shall refund all amounts previously withheld as well as the $750.20 penalty previously assessed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Petitioner seeks review of a decision of the Railroad Retirement Board ("Board") refusing to waive recovery of $40,661.24 in disability annuity overpayments. The Board may grant waivers when the beneficiary of the overpayment is without fault, and when recovery either would be contrary to the purpose of the Railroad Retirement Act or against equity or good conscience. 45 U.S.C. Sec. 231i(c) (1988). In Cooper v. Railroad Retirement Board, 977 F.2d 647 (D.C.Cir.1992), we held that petitioner was without fault in causing the overpayment. Although the Hearings Officer had determined that any recovery would cause petitioner "severe hardship," the Board had not considered the issue and we therefore remanded the case. Id. at 651.
 
 
 5
 On remand, the Board determined, purportedly on the basis of updated financial statements showing that petitioner's monthly income exceeded his expenses by $205, that recovery of the overpayment at the rate of $150 per month would not cause Mr. Cooper a severe hardship. Appeal of Denver S. Cooper, R.R.B. No. A-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 (Feb. 18, 1993). The Board offered no explanation for its conclusion that $55 per month was a sufficient margin to cover above-average monthly bills or extraordinary expenses. Nor did the Board acknowledge or explain its divergence from the conclusion earlier reached by the Hearings Officer that " 'any attempt at recovery would impose a most severe hardship.' " Cooper, 977 F.2d at 651 (quoting decision of Hearings Officer). By contrast, the dissenting Board Member concluded that "any amount of withholding no matter how small would result in severe financial hardship." Appeal of Denver S. Cooper, R.R.B. No. A-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 (Feb. 18, 1993), dissent at 2-3. Among other things, the dissent noted that Mr. Cooper's $56,000 home carried a $25,000 outstanding mortgage balance; that his daughter's family of six had moved in to help share expenses; and that Mr. Cooper's small savings of $2900 was earmarked as a burial fund for his wife.
 
 
 6
 In his request for reconsideration, petitioner supplemented the record with additional evidence of hardship. Mr. and Mrs. Cooper, respectively aged 73 and 71, face increasingly serious health problems not fully covered by insurance. Mr. Cooper suffers from chronic back pain and advanced osteoarthritis, while Mrs. Cooper, who has high blood pressure and is blind in the left eye, may soon require surgery to alleviate problems with her right eye. The Coopers spent about $2000 in 1993 (on credit) to keep their 1981 model automobile running. The Coopers' home is likely to need major repairs, as the original roof, gas furnace and hot water heater all are 17 years old. Finally, petitioner submitted a second updated financial statement showing that his total debt had increased by about $1000 over the preceding three-month period. These submissions were uncontroverted.
 
 
 7
 The Board's denial of Cooper's petition for reconsideration again focused solely on the ratio of income to expenses. The Board found that, using this formula, the petitioner would have a post-deduction surplus of $221 per month; however, the Board made no reference whatsoever to the hardship factors documented by petitioner. See Appeal of Denver S. Cooper, R.R.B. No. A-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 (June 10, 1993). It did not explain, nor do we believe it could have explained, how the deduction of $150 per month would not cause severe hardship in light of petitioner's increasing debt, advancing age, deteriorating health and imminent major expenses. Indeed, the Board appears to have accepted petitioner's submissions as true, for none are controverted. Given the uncontroverted evidence in the record concerning the extraordinary expenses petitioner is certain to face in the near future, we cannot find the Board's decision supported by substantial evidence. Cf. Burns v. Railroad Retirement Board, 701 F.2d 193, 200 (D.C.Cir.1983) (vacating Board denial of waiver request where finding of fault not supported by substantial evidence). We agree that "[t]he law does not require that beneficiaries who are without fault be cut quite so close to the bone." Peterson v. Railroad Retirement Board, 780 F.2d 1361, 1365 (8th Cir.1985).
 
 
 8
 Petitioner also is entitled to a refund of the $750.20 penalty assessed against him pursuant to 45 U.S.C. Sec. 231a(e)(4) (1988), for alleged failure to report his outside earnings to the Board. As we explained in our first decision, Cooper reasonably believed that in 1980 he had converted his disability annuity to an age and service annuity which bore no limitation on outside earnings. Cooper, 977 F.2d at 650-51. Having found petitioner faultless in this regard, it makes no sense to penalize him for failure to report outside earnings.
 
 
 
 *
 Sitting by designation pursuant to 28 U.S.C. Sec. 291(a)